1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10   OLIVER ALEXANDER CAMPBELL,        )   1:09-cv-02006 LJO MJS HC
                                       )
11                    Petitioner,      )   FINDINGS AND RECOMMENDATION
                                       )   REGARDING PETITION FOR WRIT OF
12        v.                           )   HABEAS CORPUS
                                       )
13   H.A. RIOS, Warden,                )   (Doc. 1)
                                       )
14                    Respondent.      )
                                       )
15   _____ )

16        Petitioner, a federal prisoner in the custody of the Bureau of Prisons at the United

17   States Penitentiary (USP) Atwater is proceeding pro se with a petition for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2241.

19   I.    **PROCEDURAL BACKGROUND**[1]

20        Petitioner does not challenge his underlying conviction and sentence.  Rather, he

21   challenges a prison disciplinary hearing held on October 8, 2008, in which he was found guilty

22   of fighting with another inmate. (Decl. of Robert Ballash, Attach. 5, ECF No. 13-1 at 19-23.)

23   Petitioner was assessed a loss of 27 days good conduct time, 25 days non-vested good

24   conduct time, 30 days disciplinary segregation, the loss of commissary privileges for eight

25

26

27
          [1]This information is derived from the petition for writ of habeas corpus, Respondent's answer to the
28   petition, and the exhibits in support of Respondent's answer.

                                              -1-

1  months, the loss of visiting privileges for six months, and was transferred to a different facility.[2]

2  (Id.) Petitioner presents two claims: (1) He was prejudiced by clerical errors regarding the date

3  he was given the incident report, and (2)  his due process rights were violated when he was

4  not given a copy of the incident report before his Discipline Hearing Officer (DHO) hearing.

5          On November 16, 2009, Petitioner filed the instant petition for writ of habeas corpus.

6  (Pet., ECF No. 1.) Respondent filed an answer to the petition on September 16, 2010.  (Resp.,

7  ECF No. 13.)  Petitioner has not filed a traverse.

8  **II.      FACTUAL BACKGROUND**[3]

9          On September 25, 2008, a correctional officer witnessed Petitioner in a fight with

10  another inmate.  (Ballash Decl., Attach. 2.)  The officer prepared an incident report which

11  misstated dates as to when the incident report was delivered to the inmate, when the

12  investigation began, and when the investigation was completed. (Id.)  Instead of entering the

13  correct date of September 30, 2008, May 30, 2008 was entered. (Id.) The date that the

14  incident occurred, September 25, 2008, was correctly entered on the report. (Id.) The

15  incorrect dates were later corrected. (Id.) On October  3, 2008, Petitioner was presented with

16  a Unit Discipline Committee report referring the incident for a hearing before the DHO;

17  Petitioner refused to sign the form acknowledging receipt. (Ballash Decl., Attach. 4.)  On

18  October 8, 2008, a disciplinary hearing was held with respect to the charges. (Ballash Decl.,

19  Attach. 5.)  Petitioner was advised of his rights.  (Id.)  He stated he understood them, and did

20  not request a staff representative or witnesses. (Id.)  Petitioner admitted to the DHO that he

21  assumed a fighting posture and swung closed fist punches at the other inmate. (Id.)  Based

22  on the admission, injuries, and the statements of correction officers who observed the incident,

23  the hearing officer found Petitioner guilty of the charges.  (Id.)  During the hearing, Petitioner

24

25          [2]The incident occurred at USP Canaan located in Pennsylvania, and Petitioner was subsequently
transferred to USP Atwater.  Proper jurisdiction and venue in a habeas corpus proceeding is that of the custodian.
26  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973); Brown v. United States, 610 F.2d
672, 677 (9th Cir. 1980).  In this case, Petitioner's custodian is the warden of USP Atwater.  Atwater, California
27  is within the jurisdiction of this Court.

28          [3]This information is derived from the exhibits in support of Respondent's answer.

1 did not raise any procedural issues.  (Id.)  Only after the hearing did Petitioner raise the

2 procedural and clerical errors that are the basis of the instant petition.

3 **III.    DISCUSSION**

4       **A.      Jurisdiction**

5       Relief by way of a petition for writ of habeas corpus under 28 U.S.C. § 2241 extends

6 to a person in federal custody if the custody is "in violation of the Constitution or laws or

7 treaties of the United States."  28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375

8 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United

9 States Constitution.  Petitioner was in federal custody in Atwater, California at the time the

10 petition was filed. Petitioner was located within the jurisdiction of this Court at the time of filing,

11 and therefore venue is proper.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S.

12 484, 494-95 (1973); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980).  If a

13 constitutional violation has resulted in the loss of time credits, such violation affects the

14 duration of a sentence, and the violation may be remedied by way of a petition for writ of

15 habeas corpus.  Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).  Thus, this Court has

16 subject matter jurisdiction.

17       **B.      Standard of Review**

18       Prisoners cannot be entirely deprived of their constitutional rights, but their rights may

19 be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell,

20 418 U.S. 539, 555 (1974).   Prison disciplinary proceedings are not part of a criminal

21 prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id.

22 at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional

23 needs" of a prison.   Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing*

24 Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

25       When a prison disciplinary proceeding may result in the loss of good time credits, due

26 process requires that the prisoner receive (1) advance written notice of at least 24 hours of the

27 disciplinary charges; (2) an opportunity, when consistent with institutional safety and

28

1   correctional goals, to call witnesses and present documentary evidence in his defense; and

2   (3) a written statement by the factfinder of the evidence relied on and the reasons for the

3   disciplinary action. <u>Hill</u>, 472 U.S. at 454; <u>Wolff</u>, 418 U.S. at 563-567.  In addition, due process

4   requires that the decision be supported by "some evidence." <u>Hill</u>, 472 U.S. at 455.

5       **C.    Analysis**

6           1.     <u>Prejudice Due to Clerical Error on Incident Report</u>

7           An investigation was conducted and an incident report was completed by Lieutenant

8   A. Jordan.  (Ballash Decl., Attach. 3.) Jordan entered incorrect dates regarding when the

9   incident report was delivered to the inmate, the date the investigation began, and the date the

10  investigation was completed. (<u>Id.</u>) Instead of entering the correct date of September 30, 2008,

11  Jordan entered May 30, 2008. (<u>Id.</u>) The date that the incident occurred, September 25, 2008,

12  was correctly entered on the report. (<u>Id.</u>) The dates on the report were later corrected. (<u>Id.</u>)

13          Petitioner claims that the clerical errors resulted in a violation of his rights to due

14  process. Petitioner does not elaborate.  He provides no authority or explanation as to how any

15  such error resulted in an inaccurate or unfair proceeding.  The incorrect dates were only on

16  the incident report.  The Discipline Hearing Officer's report states that written notice of the

17  charges were given to Petitioner on the correct date, September 30.  (Ballash Decl., Attach.

18  5.) There is no record of any dispute or confusion as to dates in the DHO report, nor did

19  Petitioner raise any such issue at that time. (<u>Id.</u>)

20          The requirements of due process for a prison disciplinary proceeding resulting in the

21  loss of good time credits were met. Petitioner was given over 24 hours notice before the

22  hearing.  (Ballash Decl., Attach. 3-4.)  Aside from the clerical error, where an obviously

23  incorrect date was entered and then corrected, there is no evidence to indicate that Petitioner

24  did not receive the charges timely.  Additionally, Petitioner was provided written notice of the

25  DHO hearing and his rights on October 3, 2008.  (Ballash Decl., Attach. 4.) Petitioner was

26  given a full and fair hearing at which he offered verbal statements considered by the hearing

27  officer.  (Ballash Decl., Attach. 5.)  After the hearing, Petitioner was given a written statement

28

1  by the DHO of the evidence relied on and the reasons for the guilty finding.  (Id.) Finally, there

2  was at least some evidence from which to conclude Petitioner committed the charged offense.

3  (Id.) Petitioner admitted to assuming a fighting posture and swinging closed fist punches at the

4  other inmate.  (Id.)  Injury assessment reports and staff memoranda were also reviewed. (Id.)

5  Based on the totality of the circumstances, the hearing officer found Petitioner guilty of the

6  offenses. (Id.)  Petitioner fails to demonstrate that there was not "some evidence" from which

7  to conclude he committed the offenses.

8          This Court finds that the clerical errors with regard to the dates on the incident report

9  were harmless and that all requirements for due process of law were met. While the incident

10  report states that it was delivered to Petitioner several months before the incident occurred,

11  the actual date of the incident was correctly entered on the report. As the report was provided

12  to Petitioner several days after the incident, and the date of the incident on the form was

13  correct, it is implausible to suggest that Petitioner did not appreciate the nature, purpose and

14  factual basis for the incident report. The clerical error does not raise any question as to

15  whether Petitioner's due process rights were respected.

16          2.      Petitioner Was Not Given a Copy of the Incident Report Before the
                    Hearing
17          Petitioner claims that he was not given a copy of the incident report.  This claim is not

18  supported by the evidence.

19          There is a record of Petitioner being presented with the incident  report on September

20  30, 2008 and provided a written description of his rights at the hearing on October 3, 2008.

21  (Ballash Decl., Attach. 3-4.)  Petitioner did not raise  any issues regarding his incident report

22  at the hearing. (Ballash Decl., Attach. 5.)

23          The Court finds that no evidence supports a finding that Petitioner was not presented

24  with an incident report at least 24 hours prior to his DHO hearing. The incident report contains

25  a clerical errors that state that the report was provided months before the incident occurred.

26  Regardless, the incident report contained sufficient information to serve as  appropriate notice

27  and it was provided over 24 hours prior to the hearing. Petitioner fails to show that his due

28

1 process rights were violated.

2 **IV.     CONCLUSION**

3        This Court finds that the clerical errors on the incident report in question did not violate

4 Petitioner's due process rights. The evidence indicates that Petitioner was provided with timely

5 notice of the disciplinary charges brought against him; Petitioner had an opportunity to call

6 witnesses and present evidence at the DHO hearing; Petitioner was provided with a written

7 statement regarding the disciplinary action; and there is some evidence to support the finding

8 of the DHO.  Petitioner's due process rights were not violated.

9 **V.     RECOMMENDATION**

10        Accordingly, it is recommenced that the petition for a writ of habeas corpus be DENIED

11 with prejudice.

12        This Findings and Recommendation is submitted to the assigned District Judge,

13 pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served

14 with the Findings and Recommendation, any party may file written objections with the Court

15 and serve a copy on all parties.  Such a document should be captioned "Objections to

16 Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be

17 served and filed within ten days after service of the objections.  The parties are advised that

18 failure to file objections within the specified time may waive the right to appeal the District

19 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20

21

22 IT IS SO ORDERED.

23 Dated:    May 31, 2011            /s/ Michael J. Seng
                                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28